**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4076**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYLE EDWARD ROBERTSON, a/k/a Tiger,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J. Frederick Motz, District Judge. (1:01-cr-00304-JFM)

Submitted:  October 24, 2007        Decided:  November 19, 2007

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donald E. Kaplan, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, John F. Purcell, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryle Robertson appeals his conviction and 360-month sentence pursuant to a guilty plea to one count of conspiracy to distribute and possess with intent to distribute fifty grams of more of cocaine base, five or more kilograms of cocaine, and one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (2000). On appeal, Robertson argues that his guilty plea was involuntary. Finding no reversible error, we affirm.

Because Robertson did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). This analysis requires the court to determine whether there was error, whether the error was plain, and whether it affected the defendant's substantial rights. Id. at 524. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005) (internal quotation marks and citation omitted).

On appeal, Robertson argues that his guilty plea was neither knowing nor voluntary, because the trial count "did not find a factual basis for [Robertson's] stipulation to an offense level of 43," as required by Rule 11(b)(3) and Apprendi v. United States, 530 U.S. 466, 497 (2000). In essence, Robertson contends that because he was sentenced pursuant to U.S. Sentencing Guidelines Manual, § 2A1.1 (2002), cross-referenced from USSG § 2D1.1(d)(1), he faced an increased potential penalty--death-- rather than the life sentence he could have faced if not for the judge's decision to apply USSG § 2A1.1. However, a court may only impose a death sentence under USSG § 2A1.1 if the underlying conviction is for violation of 21 U.S.C. § 848(e) (2000). USSG § 2A1.1 cmt. n.2. Robertson was not convicted of violating § 848(e).

Moreover, Apprendi does not reach a judge's determination as to facts impacting the determination of a sentence, provided the resulting sentence is within the statutory maximum authorized by the elements charged in the indictment. United States v. Promise, 255 F.3d 150, 156 n.5 (4th Cir. 2001); see also United States v. Kinter, 235 F.3d 192, 202 (4th Cir. 2000) (general sentencing enhancements under sentencing guidelines do not violate Apprendi when sentence is within maximum prescribed in United States Code). The statutory maximum for violation of § 846 is life imprisonment. Robertson was sentenced within the statutory maximum, and

therefore, the district court's reliance on § 2A1.1 does not give rise to an <u>Apprendi</u> error.

The district court complied with the requirements of Rule 11 when it accepted Robertson's guilty plea. The court ensured Robertson was competent to take a plea by asking him questions regarding his age, education, and background and inquiring whether he was under the effect of drugs or alcohol. The court asked whether anyone had threatened or forced Robertson to plead guilty, to which Robertson responded no. The court ensured Robertson had enough time to speak to his attorney and was satisfied with his attorney. The court informed Robertson of the constitutional rights relating to trial he was relinquishing and Robertson stated he waived those rights.

The court informed Robertson of the nature of the charge and the elements the Government would have to prove, the minimum and maximum penalty, and the effect of supervised release. The court explained relevant conduct, that Robertson could be held responsible for acts of co-conspirators, and that such conduct could be used to enhance his sentence.

The court also went over the plea agreement, specifically noting that it contained a stipulated total offense level of 41, an agreed upon sentence of 360 months' imprisonment, and that Robertson waived his right to appeal his sentence and to collaterally attack his conviction and sentence. The court

informed Robertson that, pursuant to Rule 11(e)(1)(c), if it did not impose the sentence contained in the agreement, Robertson would have the right to withdraw his guilty plea. Robertson agreed to the stipulation of facts contained in the plea agreement. The court found Robertson was fully competent and capable of entering an informed plea and that his plea was knowing and voluntary. Therefore, the district court's acceptance of Robertson's guilty plea was not plain error.

Accordingly, we affirm Robertson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED